# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**NORMAN E. HALL,**

    Plaintiff,

**v.**                                              **CIVIL ACTION NO. 2:09-CV-132**
                                                                         **(BAILEY)**

**GRANT COUNTY BOARD**
**OF EDUCATION,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

Currently pending before this Court are Defendant Grant County Board of Education's Motion to Dismiss [Doc. 18], filed April 30, 2010; the plaintiff's Motion to Proceed [Doc. 20], filed May 6, 2010; and the defendant's Motion to Strike [Doc. 32], filed June 21, 2010. The plaintiff responded to the defendant's motion to dismiss on June 2, 2010. The defendant did not reply. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the defendant's motion to dismiss should be **GRANTED**, the plaintiff's motion to proceed should be **DENIED**, and the defendant's motion to strike should be **DENIED**.

## BACKGROUND

**I.**     **Factual Allegations**

The plaintiff, Norman E. Hall, alleges the following facts in the challenged Complaint [Doc. 1]. At some point subsequent to November 2009, the plaintiff was employed by the Grant County Board of Education (the "Board"). (Id. at ¶ 4). The plaintiff is presently, and

1

at the time of his employment, a qualified individual with a disability. (Id. at ¶ 5). During his employment, the plaintiff requested reasonable accommodations from the Board; those accommodations were refused. (Id. at ¶¶ 6-7). As a result, the plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). (Id. at ¶ 8). The Board retaliated against the plaintiff for his EEOC complaint. (Id. at ¶ 9). Specifically, the Board harassed the plaintiff for asserting protected rights and opposing disability discrimination in the workplace. (Id. at ¶ 10). In response, the plaintiff filed a harassment grievance with the Board. (Id. at ¶ 11). The Board mishandled and failed to process the plaintiff's grievance. (Id. at ¶ 14).

Thereafter, the Board presented factually inaccurate information presumably to the EEOC, including reprimands and improvement plans regarding the plaintiff's alleged incompetence and willful neglect of his duty. (Id. at ¶ 15). However, a week before the improvement plan was to be reviewed, the Board terminated the plaintiff's employment. (Id. at ¶ 16). The plaintiff contested his termination, received a hearing eight weeks later, prevailed, and was reinstated by the Board. (Id. at ¶ 17). During those eight weeks before his reinstatement, however, the Board failed to adequately safeguard the plaintiff's confidential health information. (Id. at ¶ 18). Upon reinstatement, the plaintiff brought this failure to the attention of the Board's superintendent, who refused to address the matter appropriately. (Id.).

After the plaintiff's reinstatement, the Board harassed the plaintiff and created a hostile work environment. (Id. at ¶ 19). The plaintiff again complained to the Board regarding this harassment; the Board continued to mishandle the plaintiff's complaints, even after the plaintiff and a "Union Representative" met with the Board's superintendent.

(Id. at ¶¶ 20-23).

The plaintiff became increasingly ill because of the disability harassment and hostile work environment perpetuated by the Board. (Id. at ¶ 24). Six weeks after his reinstatement, the plaintiff's doctors placed him on medical leave and began treating him for depression. (Id.). The Board's harassment persisted, including calls to the plaintiff's residence, withholding his pay and benefits, failure to work appropriately with the plaintiff's caregivers, and letters to the plaintiff's residence accusing him of insubordination and ordering him to appear before the Board's superintendent. (Id. at ¶ 25). This harassment aggravated the plaintiff's medical condition to the point of hospitalization, requiring an extension of his medical leave. (Id. at ¶ 26).

Shortly thereafter, West Virginia Human Rights Commission pursued a charge on behalf of the plaintiff for disability discrimination. (Id. at ¶ 29). In retaliation, the Board refused to honor the plaintiff's continuing contract of employment. (Id. at ¶ 31). Specifically, the Board halted the plaintiff's pay without notice, leading to overdraft fees and ultimately to the plaintiff losing his bank account. (Id.). Thereafter, the Board also unlawfully refused to reinstate the plaintiff's employment. (Id. at ¶¶ 32, 35). The plaintiff's employment union filed an additional internal grievance on the plaintiff's behalf. (Id. at ¶ 38). On August 17, 2007, the plaintiff received from the EEOC notification of his right to sue. (Id. at ¶ 41).

## II.     **Procedural History**

On November 12, 2009, the plaintiff filed the above-described Complaint [Doc. 1] in the United States District Court for the Northern District of West Virginia, alleging disability discrimination, harassment, and retaliation claims against the Board pursuant to

the American with Disabilities Act ("ADA") and the West Virginia Human Rights Act ("WVHRA").

On April 30, 2010, the Board filed the pending Motion to Dismiss [Doc. 18], arguing, *inter alia*, that the claims presented by the plaintiff's Complaint are barred by *res judicata* because those claims could have been raised in **Hall v. Grant County Board of Education**, Civil Action No. 2:08-CV-98 (N.D. W.Va.) ("**Hall I**"). ([Doc. 18] at ¶ 2). More specifically, the Board argues that all of the conduct now complained of took place before the filing of **Hall I**. ([Doc. 18-1] at 5). The plaintiff has not worked for the Board since March 16, 2007, when he took a medical leave of absence from which he never returned. (Id.). On December 3, 2007, the plaintiff sued the Board for allegedly violating the Family and Medical Leave Act ("FMLA"). (Id.). On January 28, 2009, this Court entered summary judgment against the plaintiff, and that final judgment was never appealed. (Id.). According to the Board, therefore, because the plaintiff could have, but did not, raise his ADA and WVHRA claims in **Hall I**, those claims are barred by *res judicata*.

On May 6, 2010, the plaintiff filed a Motion to Proceed [Doc. 20], informing the Court that settlement negotiations have been unsuccessful and requesting that this matter be allowed to proceed.

On June 2, 2010, the plaintiff filed his Response [Doc. 28] to the Board's motion to dismiss. In response to the Board's *res judicata* argument, the plaintiff argues that: (1) the claims in **Hall I** involved a different set of laws; (2) his present claims could not have been raised in **Hall I** due to an active EEOC complaint; (3) the plaintiff's employment union would not provide him with counsel for his ADA claims, but only his FMLA claims in **Hall I**; and (4)

instances of harassment and retaliation by the Board have occurred as late as August 2009, several months after the dismissal of *Hall I*.  ([Doc. 28] at 6-7).

Moreover, on May 25, 2010 and June 15, 2010, the plaintiff filed a three-part "Memorandum of Truth" in opposition to the Board's motion to dismiss [Docs. 25, 30, & 31]. These documents contain a sum total of 158 pages of memoranda and 150 pages of exhibits.  In Part III, for which the plaintiff filed a corrected version on June 24, 2010, the plaintiff again alleges that the Board's retaliation, harassment, and disability discrimination have persisted into August 2009.  ([Doc. 31] at 6).  In particular, the plaintiff cites the Board's refusal to reinstate his employment and compensation.  (See Id. at 6-7).

Finally, on June 21, 2010, the Board filed a Motion to Strike [Doc. 32].  In its motion, the Board asks that the Court strike the plaintiff's three-part "Memorandum of Truth" for exceeding the page limit provided by the Local Rules of Civil Procedure.  ([Doc. 32] at 2). Alternatively, the Board requests an additional 30 days to file a Reply.  (Id.).

## **DISCUSSION**

### I. **Motion to Dismiss Standard**

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true.  ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face."  ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008)

(quoting Fed.R.Civ.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, — U.S. —, 129 S.Ct. 1937, 1949 (May 18, 2009)(internal quotations and citations omitted).

However, as this case involves a *pro se* plaintiff, this Court will only dismiss this matter if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  ***Haines v. Kerner***, 404 U.S. 519 (1972).

## II. <u>Analysis</u>

### A. The Board's Motion to Strike

The Board moves to strike the plaintiff's three-part "Memorandum of Truth" for failure to comply with the page limit contained in the Local Rules of Civil Procedure.  However, insofar as the plaintiff is proceeding *pro se* in a legally complex matter, this Court exercises its discretion to allow the plaintiff's memorandum although it exceeds the page limit provided by the Local Rules.  Moreover, insofar as the Board's reply is unnecessary for the ruling below, the Board will not be given an extension to reply to the plaintiff's memorandum.  Accordingly, this Court finds that the Board's motion to strike should be **DENIED**.

B. **The Board's Motion to Dismiss and the Plaintiff's Motion to Proceed**

In his Complaint and his response memoranda to the Board's motion to dismiss, the plaintiff attempts to state ADA and WVHRA claims based upon allegations regarding the Board's conduct from approximately August 2006 to August 2009. For the reasons more fully explained below, this Court finds that the plaintiff's claims should be dismissed.

1. **Allegations of Board Misconduct Before the Dismissal of *Hall I***

In its motion, the Board argues that the plaintiff's claims are barred by *res judicata* because they could have been raised in **Hall I**. Insofar as the plaintiff's claims are based upon allegations of Board misconduct occurring before the dismissal of **Hall I**, this Court agrees.

The Supreme Court of the United States has long recognized that "[public] policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." **Federated Department Stores, Inc. v. Moitie**, 452 U.S. 394, 401 (1981) (quoting **Baldwin v. Traveling Men's Assn.**, 283 U.S. 522, 525 (1931)). Created in furtherance of this policy, the doctrine of *res judicata* provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or **could have been** raised in that action." **Rivet v. Regions Bank of Louisiana**, 522 U.S. 470, 476 (1998) (emphasis added). Moreover, a judgment in a prior action will preclude another action based upon the same facts and asserted injury even though the subsequent action asserts a different legal theory to justify recovery. *See* **Nevada v. United States**, 463 U.S. 110, 129-30 (1983); *see also* **Lubrizol Corp. v. Exxon**

***Corp.***, 929 F.2d 960, 963 (3d Cir. 1991) (additional legal theory will not defeat preclusion when acts complained of, material facts alleged, and witnesses and documentation required to prove allegations are same as in prior action).

In the instant case, the plaintiff's claims are based on the same material facts and underlying events that were alleged, and adjudicated, in ***Hall I***. The plaintiff claims he suffered from one or more medical conditions causing him to take a medical leave of absence on March 16, 2007. When he attempted to return to work for the next school year, the Board refused to reinstate him. In ***Hall I***, the plaintiff claimed that he was denied his right to reinstatement in violation of the FMLA. In this case, the plaintiff claims he was denied an accommodation and refused reinstatement in violation of the ADA and the WVHRA. For the reasons that follow, this Court finds that the plaintiff could have raised his ADA and WVHRA claims in ***Hall I***, and thus, those claims are barred by *res judicata*.

Pursuant to the ADA, a plaintiff may obtain a right-to-sue letter 180 days after a charge is filed with the EEOC. 42 U.S.C. §§ 12117(a), 2000e-5(f)(1). Here, the plaintiff filed an EEOC charge on July 17, 2007, which he amended on August 6, 2007. As such, the plaintiff could have requested a right-to-sue letter and brought his ADA claim 180 days later, February 2, 2008, which was about seven weeks before the First Order and Notice [Doc. 16] was entered in ***Hall I***. Similarly, the plaintiff's WVHRA charge resulted in a finding of no probable cause by the West Virginia Human Rights Commission on June 9, 2008, about three weeks before the July 1, 2008, joinder and amendments deadline set by this Court in ***Hall I***.[1] Thus, the plaintiff could have moved to amend his FMLA complaint in ***Hall***

---

[1]The Court notes that consideration of these documents does not convert the Board's motion to dismiss into one for summary judgement. Because these documents are

*I* to add claims under the ADA and WVHRA. That he did not triggers the doctrine of *res judicata*. See **Woods v. Dunlop Tire Corp.**, 972 F.2d 36, 40-41 (2d Cir. 1992) (Title VII claim not exempt from *res judicata* where plaintiff made no effort in prior action to seek a stay from the district court or amend her complaint to include the Title VII claim); **Boateng v. Inter-American Univ., Inc.**, 210 F.3d 56, 63 (1st Cir. 2000) (Title VII claim subject to *res judicata* where plaintiff received right-to-sue letter during pendency of first action); **Jang v. United Techs. Corp.**, 206 F.3d 1147, 1149 (11th Cir. 2000) (adopting Title VII analysis and concluding that ADA claim was not exempt from *res judicata* where plaintiff failed to obtain right-to-sue letter during pendency of first action); **Churchill v. Star Enters.**, 183 F.3d 184, 193-94 (3d Cir. 1999) (holding that *res judicata* barred disability discrimination claims which could have been raised in a prior FMLA case had the plaintiff requested a right-to-sue letter from the EEOC). Accordingly, insofar as the plaintiff's ADA and WVHRA claims are based upon allegations of Board misconduct occurring before the dismissal of *Hall I*, those claims are barred by *res judicata* and should be **DISMISSED WITH PREJUDICE**.

    **2.  Allegations of Board Misconduct After the Dismissal of *Hall I***

  In his Response, the plaintiff argues that his Complaint should not be dismissed in its entirety pursuant to *res judicata*, as the misconduct he complains of has continued into August 2009, months after the dismissal of *Hall I*. This Court agrees but finds that the plaintiff's claims based upon post-*Hall I* allegations should be dismissed for failure to state

---

referenced in the plaintiff's Complaint, they are not considered "outside the pleadings." See **Henschke v. New York Hospital-Cornell Medical Ctr.**, 821 F.Supp. 166 (S.D.N.Y. 1993) (holding that court could consider documents relating to EEOC without converting motion to dismiss into motion for summary judgment).

a claim upon which relief may be granted.

Even the most liberal reading of the plaintiff's Complaint and memoranda in response to the Board's motion to dismiss fails to state a claim pursuant to the ADA or the WVHRA. The plaintiff's allegations of retaliation, harassment, and disability discrimination appear to be based solely upon the Board's refusal to reinstate the plaintiff's employment, thus depriving the plaintiff of his salary and benefits up to and including August 2009. However, the plaintiff's ADA and WVHRA claims, even based upon allegations of Board misconduct continuing into August 2009, find their only support in a continuation of the Board's refusal to reinstate the plaintiff's employment, a decision this Court upheld in **Hall I**.[2] Thus, to the extent that those claims rely upon a continuation of conduct which has already been adjudicated pursuant to the FMLA, and could have been adjudicated pursuant to the ADA and WVHRA, they fail to state claims upon which relief may be granted. A contrary holding would render this Court's *res judicata* ruling above without force, allowing a relitigation of issues which were or could have been adjudicated in **Hall I**. Accordingly, insofar as the plaintiff's ADA and WVHRA claims are based upon allegations of Board misconduct occurring after the dismissal of **Hall I**, those claims fail as a matter of law and should be **DISMISSED WITH PREJUDICE**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Defendant Grant County Board

---

[2]In particular, this Court found that the plaintiff was not entitled to reinstatement because the plaintiff had not shown he was able to resume all essential functions of his position, as required by the FMLA. *See* **Hall I**, Order Granting Defendant's Motion for Summary Judgment, ([Doc. 59] at 13).

of Education's Motion to Dismiss [Doc. 18] should be, and hereby is, **GRANTED**. In addition, the plaintiff's Motion to Proceed [Doc. 20] should be, and hereby is, **DENIED**. Finally, the defendant's Motion to Strike [Doc. 32] should be, and hereby is **DENIED**. Accordingly, the Court hereby **DISMISSES WITH PREJUDICE** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and to mail a certified copy to the *pro se* plaintiff.

**DATED**: July 26, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE